The next case on for argument is Simmons v. Trans Express. Your Honor, good morning. My name is Mr. Abdul-Hassan. I'm counselor for the plaintiff, Ms. Charlene Simmons. May it please the Court. Your Honor, it is our position that the judgment and order of the District Court based on the res judicata affirmative defense should be reversed for the five or so reasons set forth in the brief, the first or foremost of which is based on the New York City Civil Court Act, which governs the judgments of small claims court in New York City. That statute, we will start with that one. The title of the statute says judgment obtained to be res judicata in certain cases. So the idea that somehow the statute does not limit or deal with res judicata is contradicted even by the title of the statute itself. If we go on. Could have been referencing the offset portion of the statute, which says if it's the same claim that you subtract the amount, that could be when saying in certain circumstances there's an offset. I don't know that the title can be seen as dispositive. In every case where New York court has ever looked at 1808, you can correct me if I'm wrong, they have rejected your argument. The District Court cited the Tover case, the third department in 2014, Chapman, the first department in 2017, and Merrimack, the second department, have all said that section 1808 does not limit the normal res judicata rule. Right? Don't all those three cases stand for that proposition? It depends on what you're referring to when you say res judicata. As we explain, and as the highest court in the country has pointed out, res judicata and collateral estoppel are often conflated. So for example, traditional res judicata has an element that says that if you could have brought a claim based on the same facts and issues, it's precluded. However, this statute here says that you could bring a subsequent claim based on the same facts and issues. If we're going to follow this statute, what is an example in which you can bring a subsequent claim and get a judgment based on the same facts, issues, and so on, if it's not this type of case? If the argument is that traditional res judicata is still alive, then this statute is meaningless because that language will never be operative or applicable in any circumstance. Now, let me give you a prime example of the statute. Can you just address the cases, though, that Judge Bianco identified? I mean, you concede that the New York courts have gone the other way on this, right? Not the New York Court of Appeals, and maybe you want us to send this to them to decide the issue, but these other courts have all gone against you, right? Your Honor, I don't know that they have, because we distinguish those cases. Take Tovar, for example. Tovar was a single claim for unpaid wages. That claim was actually asserted in the small claims case. Here they said you should have brought the traditional notion of res judicata, which is that you should have — if it's something you should have brought, it's barred. That was exactly that situation. There was one unpaid wage claim from one period and another period that wasn't brought, and they apply traditional res judicata, notwithstanding 1808, and they actually say, we reject this argument that you're making about 1808. So that's traditional res judicata, a claim that you should have brought. And that's the situation you're in here. Those cases say that. They are absolutely dead wrong. And let me say this. They have committed the error that the High Court, the United States High Court has identified in the cases like Allen v. Curry, where they noted and explained that courts generally, because most of the time there is no difference between the two practically, they conflate the two. And that jurisprudence from traditional res judicata seeps into these cases without any distinction for the statute and based on the arguments that we're raising. And let me give you a prime example. Defendants' own brief, they define claim preclusion on page 4. They said, quote, claim preclusion bars relitigating issues that were or could have been raised in an earlier action between the parties. And they cited Kramer for that proposition. Well, the statute's on his face. That's something different. And what I explain to the court here, oftentimes you have competing interpretations by courts. A lot of times they do not examine the issue with the care and detail that you might find in an appellate case like this one. And we briefed this case extensively. When you have those competing interpretations, the analysis should begin and end with the statute if the statute is saying something different from what the nonbinding cases are holding. And I'm not saying those cases are holding that. I think those cases can be distinguished. For example, in Tovar, one claim that was put up in the court. Aren't the New York courts the best judges of what their statutes mean? Aren't the New York — you don't have one New York case that has said what you're saying. Three have said the opposite. You know what's the best judge of what the statute means? The statute itself. Why — The statute doesn't say we're limiting race judicata. It doesn't say that. It says race judicata in certain cases. That's the title. What does the wording of the statute say? And it says that you can bring a subsequent claim based on the same facts, issues, and again, with the same parties. Right? Now, what example would that be if it's not one such as this case? Right? And it even has a set-off provision. You usually have a set-off when you have a duplicate claim. I cited a case from Judge Sullivan from the district court, and this is something that district judges often face when they have, for example, overlapping claims under the FLSA and New York labor law, let's say for overtime. And then there are different claims, even though they may involve common issues, such as whether the person worked over 40 hours. That's exactly what the statute was meant to do, is allow you to litigate an issue if it should come up in another context without having collateral estoppel effect from a small claims case. That was the purpose of this. It wasn't to allow plaintiffs to split claims endlessly on the same subject matter. But this is a different claim. The FLSA claims here, the New York labor law claims, the manual worker claims, the wage notice, wage statement claims, those are very different claims. So under your theory, a plaintiff could divide FLSA claims one at a time. You could have an overtime claim, a minimum wage claim, a vacation claim. You could bring three separate actions in a row, and under your position, there would never be res judicata on that, right? In which court? In small claims court? Yes. Well, actually, you're arguing in any court, because you're saying res judicata shouldn't apply to FLSA claims. That's your other argument, which would mean in any court you could split them that way. But no, no, no, that's not my argument at all. This statute does not apply to Federal court. If this plaintiff had brought this case in Federal court. No, I thought you were making the argument that based upon that a plaintiff can't contractually waive their FLSA rights, that res judicata shouldn't apply to FLSA claims. Didn't you make that argument? I thought you made that argument. That is one of our arguments, Your Honor. Actually, I think that's the more interesting argument. I mean, it seems to me interesting that an employee who contractually negotiates away knowingly liquidated damages or overtime can't do that, not allowed to do it under O'Neill and Ganji. But if that same employee blunders into small claims court and neglects to assert a Fair Labor Standards Act claim, I guess what the court found here is that that's well, that's fatal. Then you're done. Yes, and that is. And so is there something about Ganji and O'Neill that precludes that? I believe so, Your Honor. So let me try to bring this to a point that I'm concerned about. If the New York Court of Appeals had said what the appellate divisions, I think almost two in division, there may be one missing, seem to have said, we wouldn't be here arguing, right? I mean, the New York Court of Appeals would have pronounced what the statute means. I would agree that if the New York Court of Appeals addressed the issues here, as the highest court in the state, it would control in the state law issues. So taking you back to something that Judge Sullivan mentioned at the outset, shouldn't we at least consider certifying this to the New York Court of Appeals, rather than pronounce what New York law is, and what New York collateral estoppel principles are, and what New York statutory interpretation rules are? Your Honor, I think that's a prudent approach, especially given the widely recognized conflation of collateral estoppel and res judicata. Most times when courts use them, they're meaning the same thing. So that would be a prudent approach, and might be the most sensible way to approach this. But if the New York Court of Appeals were to agree with the lower courts, the lower New York courts to address this issue, you're still asserting, I thought, that under federal law, the Fair Labor Standards Act is exempt from this kind of res judicata preclusion, right? Aren't you saying that? Yes, that is one of our arguments. And I will say this, Your Honor. The Brooklyn Savings case actually came through the New York Court of Appeals. They applied the FLSA. They could rule in that argument as well. Though I don't know if you would certify that question, but they can certainly rule on it. They can rule on it under New York law, because like the FLSA, the New York labor law 663 says that you can't waive rights under the New York labor law, even by agreement. And so res judicata is a type of waiver, isn't it? It is. It is a type of waiver. And it's even more wishy-washy than some other types of waiver. Then going back to my hypothetical, you could bring three federal district court actions in a row for separate FLSA claims, and the defendant would be unable to assert res judicata. No, I don't say that at all. Really? It would seem to me that you could bring three in a row, settle them, and if you didn't have a district court bless it as fair and reasonable, you could bring the same claims again under Ganji and O'Neill, which is the Brooklyn Savings case, don't you think? Yes, yes, absolutely. And that's what the court approved. I mean, it may be inane. I think one could argue that the Supreme Court got it wrong in 1945 and 46, but they've created a longstanding body of case law that seems to say that employees are children. They're not allowed to contract and they're not allowed to waive. And you know, the same rationale applied to Small Claims Court, it's the People's Court, you know, it's the most important court in the country in many ways, and when they developed these statutes, they took into account that people that go there don't have attorneys, they don't know much about the law, and she didn't raise overtime claims there. She found out about all these claims, she came to my office complaining about the same thing, me taking off the schedule. And so, Your Honor, certifying a question to the New York Court of Appeals might be a prudent approach. If you keep the case, I think you should reverse for the reasons stated. There's no subject matter jurisdiction. Also, with respect to the Cheeks issue, one of the arguments that the state courts make is that somehow you're free to waive your claim. Like, if you have $20,000 in wage as well, you can waive it and come under the $5,000 jurisdictional threshold. If it's a wage case that you can't waive, that argument goes out the window. And also, I think the law court splitting of jurisdiction between non-monetary and monetary elements, it doesn't seem to have any basis. A jurisdiction, its monetary restrictions are just as important as the other one. We've reserved some time for rebuttal, Mr. Hudson. Mr. Moore. Good morning, Your Honors. May it please the court. My name is Emory Moore, and I represent the appellee, TransExpress Incorporated. We're here today because Ms. Simmons violated the res judicata doctrine by making the strategic choice to sue TransExpress in small claims court. Then, unsatisfied with the judgment she obtained there, sued TransExpress again, this time in federal court. The district court properly dismissed Ms. Simmons' lawsuit as barred by res judicata. Ms. Simmons argues that the district court got it wrong because any one of three exceptions should have applied. I'll address each exception and explain why it either does not exist, does not apply in this situation. Exception number one, Ms. Simmons argues that the New York City Civil Court Act, section 1808, replaced traditional res judicata with a more narrow form that only precludes relitigation of the exact same claim. As Your Honors pointed out, New York courts have spoken on this issue and have held consistently that nothing in section 1808 limits the applicability of res judicata to small claims actions. I don't think you need to spend too much time on that one. I think maybe you ought to start with number three. Is there anything about the O'Neill case, the Brooklyn Savings case from 1945 and the Ganji case that followed right after it that suggests, well, it says explicitly that you can't waive claims like this, and is res judicata just a variant of waiver? So this court has actually spoken on that issue recently. We filed a Rule 28J brief a few days ago, sorry for the late time of that, in Yu versus Hasaki. And the court in Yu versus Hasaki addressed the situation in which a fairly- An offer of judgment case, right? And that relies on a different rule that is inapplicable here. And so that's the exception, at least that's what was recognized to be the exception, what distinguished it from the two cases I mentioned. But this is not an offer of judgment case, this is a straight claim preclusion case, right? Correct, Your Honor. And the point made in Yu versus Hasaki is distinguishing the situations in which Fair Labor Standards Act waiver can apply and cannot apply applies here. The cases of Ganji and the other progeny of that case focused on the private settlement, private secret settlement of Fair Labor Standards Act cases. And the concern there was with the bargaining power, the unequal bargaining power amongst employees versus employers. And the concern that employers would force employees into unfair settlements unless there was court approval. And later, it was amended to provide DOL approval as another option. All right, but under the circumstances of this case, we have a plaintiff, without demeaning her at all, I will say unsophisticated, who proceeds in small claims court, right? Unrepresented, and gets a sum of money via her proceeding in small claims court because she felt she was owed more money and apparently the court agreed with her. Your Honor, I want to address a point opposing counsel made, which is that Ms. Simmons stumbled into small claims court and just filed whatever action she could think of. I think she walked in. I didn't think she stumbled. Go ahead. It doesn't occur that way. So when a small claims plaintiff gets ready to file an action in that court, they're provided a number of different sources, resources, that explain to them exactly what will happen. It's explained to them that their claims are limited to $5,000, and it's explained to them that if their claim is higher than $5,000, that they cannot split their claims into separate actions. They will be limited to that one specific $5,000 claim. Right, I think we understand that. But if she had threatened to go to small claims court and the employer said, okay, fine, we'll cut you a check for $1,000, $1,000, she wouldn't be precluded from bringing these Fair Labor Standards Act claims, right? Correct. Okay, but the fact that she went straight to small claims court means that she's dead, dead in the water. That's what you're saying. Yes, Your Honor, and it's because there was court involvement, there was an adjudication on the merits. There was actually a trial held before an arbitrator, and each party got to present their facts. So it wasn't a private backroom settlement. The type of settlements that the Fair Labor Standards Act is the rule against unapproved settlements is intended to address. So this situation was a bit different. So with respect to your point about the advice being given to a prospective plaintiff in small claims court, why isn't that advice about you can't split your claims more logically read as saying to the plaintiff, you may not insist that you on small claims court bring three claims for $5,000 each because you have a total $15,000 claim. Especially given the language of the statute that has established the small claims procedure. Well, that's what we're talking about here, which is the rule against claim splitting, which is a subset of- I'm talking about claim splitting within small claims court. You have case one, two, and three sitting before the small claims arbitrator. Each for $5,000, I want three $5,000 judgments because I brought three claims. And the advice and the rule says, no, no, no, you can't do that. Correct. The rule says you cannot do that. But the statute doesn't talk about your being barred. In fact, as I'm recalling it right now without having it right in front of me, the you're just going to be subject to an offset if you've already gotten money here in the small claims court. That portion of the statute addresses what we know is a potential real-life situation, which is there are exceptions to res judicata. And if an exception does apply and there's an overlap in damage- Give me an example, please. So, for example, I'm an employment lawyer. So from the employment context, you have the Fair Credit Reporting Act, which does not allow claims to be brought in State court. Those claims can only be brought in Federal court. The Fair Labor Standards Act, it's different because you can bring- there's concurrent jurisdiction. So if you have a situation where an employer obtains a background report, and that report contains incorrect information, say, about a disability that an applicant may have, and that employer doesn't give the individual, the applicant, a chance to address that incorrect issue, and instead just says, I'm denying you for employment. That employee has two different causes of action. That employee can sue for disability discrimination, which can be brought in a State court, including small claims court. But the Fair Credit Reporting Act claim for failing to provide me with the opportunity to explain my background report, that claim can only be brought in Federal court. But the damages are the same. There, the same damage applies. You didn't hire me, I have lost wages. That's the wrongful termination. In Fair Credit Reporting Act, you didn't hire me because of this report. I have lost wages. That's the situation where this set off provision would apply and say, okay, you can't obtain double recovery simply because res judicata did not apply in this exact situation. Okay, thank you. So, any person who seeks to file a claim in small claims court in New York is made aware that their damages will be capped at $5,000, and that they won't be allowed to split their claims. Knowing this, Ms. Simmons made the strategic choice to sue in small claims court. She should not be allowed to sue Trans Express again, simply because she's not satisfied with that judgment. Subjecting defendants to this type of potentially endless litigation attack is exactly what res judicata is intended to prohibit. So in the interest of fairness, and for the reasons discussed today, I would respectfully request that the district court's opinion be approved. Affirm the judgment. Affirmed. And if there are no further questions from your honors. Thank you. Thank you. Thank you, Mr. Moore. Mr. Hassan? Just briefly, I think the example that counsel gave about the credit, I think under the district court's reasoning, the plaintiff would be required to pick a court that can handle all of her claims in one shot. But let me tell you why this language here is in there. Given the nature of small claims court, this language is in there for a different situation. Where a plaintiff, for example, is owed her last two paychecks, and the rent is due in a month or two. She's able to go to small claims court informally and quickly to recover that money. While not having to bring a sexual harassment claim, or a discrimination claim, or a complex overtime claim, or some other claim at the same time while the landlord is waiting for the rent. That's the type of design that small claims court was put in place to address. And our interpretation is not only dead on with the language of the statute, but also the purpose of the statute, that specific type of situation. But you'll admit that the, sorry, that the appellate divisions have disagreed with what the purpose of the statute, with your articulation of what the purpose- I would agree that they have said that rest judicata is allowed even under 1808. I don't necessarily disagree with that. Where I disagree is that our position is that the type of rest judicata, like the Federal Courts of Staten, Farbstein, and Walters, is a narrower species of rest judicata. Where only the exact same claim is prohibited, and you can bring a different claim based on the same facts, issues, and parties. If they support a different cause of action. A different cause of action. So you can have an overtime claim on the several different causes of action. As federal judges in the district court, you instruct the jury. Return a verdict on the FLSA overtime. Return a verdict on the New York labor law overtime. And then you offset to avoid an overlap. They were confusing claims with issues. I think the defendant's brief confuses it too. It says rest judicata is a relitigation of issues. And but we can have different claims with common issues. So I would suggest, Your Honor, given the language here is so powerful and clear that the court could rule in the plaintiff's favor very easily, but given the lack of clarity from the highest court in New York, it may be wise to certify that question to the New York Court of Appeals as- Is there to help potentially a defendant who's in small claims court? In other words, you could have a car accident where someone's suing you for $5,000 for negligence. And you may decide, you know what, this is small claims court. I'm not going to hire an attorney, I'm not going to defend this in a way where it's only $5,000. And if there was a finding of negligence in small claims court, then there could potentially be a collateral estoppel effect against you if someone, passenger number two, brought a state court suit seeking a million dollars in damages. So this would, the saying that there's no collateral estoppel effect to small claims court decisions is potentially there to protect a defendant who may decide not to defend against a small claims action. Isn't that one reading of the statute? It could protect defendants as well, but a reading that is more consistent with the language and the purpose and the history of small claims court is the one we're putting forward. And our interpretation will also protect the defendant as well and the employer in those type of counterclaim situation. Thank you. Thank you. Thank you both. We'll reserve decision in this case.